# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10457

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2013

Lyle W. Cayce
Clerk

TODD PARIS,

Plaintiff-Appellant

v.

DALLAS POLICE DEPARTMENT; OFFICER TONY JAY BUCHANAN, JR.,
Badge #9680; OFFICER SCOTT DANIEL DAYTON, Badge #9569,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-296

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Todd Paris, Texas prisoner # 559445, moves to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. In that complaint, Paris argued that the defendants violated his constitutional rights by subjecting him to racial profiling, taking his property, submitting a false police report, and treating him with excessive force in relation to an arrest that was later used as grounds to revoke his parole. Paris is challenging the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10457

court's certification, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The district court relied on its reasons for dismissing Paris's § 1983 complaint as grounds for its certification decision.

A movant seeking leave to proceed IFP on appeal must demonstrate that he is a pauper and that his appeal is taken in good faith, i.e., that he will raise a nonfrivolous issue on appeal. FED. R. APP. P. 24(a)(5); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Paris incorrectly asserts that the good faith requirement of § 1915(a)(3) does not apply to prisoners. *See Baugh*, 117 F.3d at 200. He also asserts that the district court erred in dismissing, as barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), his individual capacity claims against Officers Buchanan and Dayton for filing a false report and using excessive force during his arrest. However, Paris's unsupported assertion that *Heck* does not bar his claims is insufficient to demonstrate error in the district court's decision. Paris has not identified any errors in the district court's grounds for dismissing his remaining claims. Accordingly, he has abandoned any challenges he might have raised regarding those decisions. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

As Paris has not demonstrated that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP on appeal is DENIED. *See* § 1915(a); *Howard*, 707 F.2d at 220. Because the appeal is frivolous, it is DISMISSED.

No. 13-10457

*See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.  This dismissal counts as a strike under § 1915(g).  *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Paris is WARNED that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.